GERARD R. O'MEARA, ESQUIRE
Bar No. 002434
Gust Rosenfeld, PLC
1 South Church Avenue, Suite 1900
Tucson, Arizona 85701-1620
(520) 628-7070
*gromeara@gustlaw.com*

Attorneys for Movant, Bank of America, N.A.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>DANIEL ARDELEAN,<br><br>    Debtor.<br>_____<br><br>BANK OF AMERICA, N.A.,<br><br>    Movant,<br><br>    vs.<br><br>DANIEL ARDELEAN, Debtor;<br><br>    Respondent.<br>_____ | Bankruptcy Case No.<br>2:09-bk-12292-RTB<br><br><br><br>Chapter 11<br><br><br>MOTION FOR RELIEF FROM<br>AUTOMATIC STAY |

        Bank of America ("Movant"), hereby moves that the Court enter an Order granting Movant relief from the Automatic Stay of 11 U.S.C. §362(a) (1984) of 11 U.S.C. §1301(c)(3) to permit Movant to proceed with any actions necessary to take possession of a Collateral under Movant's Retail Installment Contract and to dispose of same in a commercially reasonable manner. The bases of the Movant's Motion are set forth in the Memorandum attached hereto.

Dated this 28th of August 2009.

GUST ROSENFELD, P.L.C.


By /s/ Gerard R. O'Meara
GERARD R. O'MEARA, ESQUIRE
Attorney for Movant

MEMORANDUM

FACTS:

On or about June 3, 2009, Debtor filed his Chapter 11 Petition in Bankruptcy with this Court.

Prior to the filing of the Petition, on May 10, 2007, Debtor made, executed and delivered a Retail Installment Contract ("Contract") to Movant or its predecessor which bears interest as specified therein. The original Contract is held by Movant and a copy is attached hereto as **Exhibit "A"** and is incorporated by reference. The indebtedness evidenced by the Contract is secured by a security interest in a 2006 RINKER 262 Open Bowel Boat, **Serial # RNK81465B606** and a 2006 Road King Boat Trailer, **VIN# 5KZBB26236A008328,** as evidenced by a copy of the UCC-1 Financing Statement, filed with the Secretary of State on July 6, 2007, and a certified motor vehicle record from the State of Arizona, attached hereto as **Exhibits "B" and "C',** and incorporated herein by reference.

Movant alleges that the automatic stay should be lifted for cause pursuant to 11 U.S.C. §362(d)(1) and 1301(c)(3) and that Movant lacks adequate protection of its interest in the Collateral as evidenced by the following:

(a) Debtor defaulted under the terms of the Contract by failing to make payments when due and owing thereunder; and

(b) The Collateral and the value of the Collateral are in a state of decline and continue to decline.

Movant has elected to initiate proceedings to dispose of the Collateral with

respect to the subject Contract; however, Movant is precluded from proceeding to commence said action during the pendency of this Bankruptcy.

Based upon the foregoing, Movant alleges that Movant is not adequately protected, that the subject Collateral is not necessary to effectuate Debtor's rehabilitation, and that it would be unfair and inequitable to delay this Movant in taking possession of Movant's interest. Movant urges that this Court issue an Order herein permitting this Movant to proceed with any necessary action to dispose of Movant's interest in a commercially reasonable manner.

Movant has incurred attorney's fees in bringing this Motion and is entitled to reimbursement for these fees pursuant to its contract and in accordance with 11 U.S.C. §506(b).

Larry Lee Watson, Office of the U.S. Trustee, has been appointed by this Court as the Chapter 11 Trustee in this instant Bankruptcy proceeding. By virtue of his position as Trustee of the estate of Debtor herein, he administers Debtor's Chapter 11 Bankruptcy. To the extent the relief sought herein is granted, Ms. Lang, Trustee, is bound by any such judgment.

This Court has jurisdiction over this action pursuant to the provisions of Title 28 U.S.C. Sections 1334 and 157 and 11 U.S.C. Sections 362(d) and 1301(c)(3).

Upon information and belief, it is alleged that the Collateral is not necessary to effectuate reorganization of Debtor.

Upon information and belief, Movant's interest in the Collateral has not been adequately protected, nor has Movant been offered adequate protection.

REQUEST FOR RELIEF:

The Movant requests that the Court enter an Order relieving it from the Automatic Stay of 11 U.S.C. §362(a) (1984) to allow the Movant to proceed with any actions necessary to dispose of the subject Collateral in a commercially reasonable manner; or, in the alternative, to

. . .

grant an Order providing Movant with adequate protection.

Respectfully submitted this 28th day of August 2009.

                                              GUST ROSENFELD, P.L.C.

                                              By: /s/ Gerard R. O'Meara
                                              GERARD R. O'MEARA, ESQUIRE
                                              Attorney for Movant
                                              *gromeara@gustlaw.com*

# **SPECIAL NOTICE**

## **THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTIONS ACT APPLIES TO THIS COMMUNICATION.**

The following statement provides you with notice of certain rights which you may have by law. <u>Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents</u> or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

## **CONSUMER DISCLOSURE**

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify Bank of America, N.A.'s, attorneys in writing within 30 days that all or a part of your obligation or judgment to Bank of America, N.A., is disputed, then Bank of America, N.A.'s, attorneys will mail to you a written verification of the obligations or judgment and the amounts owed to Bank of America, N.A. In addition and upon your written request within 30 days, you will be provided with the name and address of the original creditor, if different from the current creditor.